UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHARLES WARREN,                                                          15-CV-7528 (GBD)
                      **Plaintiff,**

                                                                         **FIRST AMENDED**
                                                                         **COMPLAINT**
              -against-                                             **Plaintiff Demands**
                                                                              **A Trial By Jury**

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT
OF CORRECTION and CORRECTION OFFICER WALTER
VANTERPOOL, SHIELD # 18118,

                                             **Defendants.**
------------------------------------------------------------------------X

       Plaintiff, by DEVON M. WILT, his attorney, respectfully alleges as follows:

### *JURISDICTION*

      1.     This action is brought under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and the Civil Rights Law of the United States, as codified in Title 18 U.S.C. Sections 242, Title 28, U.S.C. Sections 1331 and 1343 and Title 42, U.S.C. Sections 1981, 1983 and 1985.

      2.     Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under State Law.

### *VENUE*

      3.     The course of conduct and other acts complained of herein arose and occurred in whole or in part within the County, City and State of New York, in the Southern District of New York.

### *PARTIES*

      4.     Plaintiff, **CHARLES WARREN** (WARREN), is and was at all times herein mentioned, a citizen and a resident of the State of New York.

5. The defendant, **CITY OF NEW YORK**, **(CITY)** is a municipal corporation and political subdivision of the State of New York.

6. The defendant, **NEW YORK CITY DEPARTMENT OF CORRECTION (DOC)** is a municipal agency under the supervision and control of the defendant **CITY**.

7. The defendant, **CORRECTION OFFICER WALTER VANTERPOOL, SHIELD # 18118 (C.O. VANTERPOOL)**, is a correction officer employed by the defendants **CITY** and **DOC**.

8. That at all times herein mentioned, defendant **C.O. VANTERPOOL** was employed by the defendants **CITY** and **DOC**, in the capacity as a correction officer, and was acting in such capacity as the agent, servant and employee of the defendants, **CITY** and **DOC**, and he is sued individually and in his official capacity.

9. That at all the times herein mentioned, defendant **C.O. VANTERPOOL** was acting under color of state law and under his authority as a correction officer for the defendants, **CITY** and **DOC**.

## NEW YORK CITY'S CORRECTIONAL SYSTEM

10. For decades, through Department reports and civil litigation, defendant **DOC** has been aware of the routine, dangerous and unconstitutional use of excessive force by staff at the individual facilities in the multi-jail New York City Department of Correction.[1] In many instances, defendant **DOC** staff brutally beat prisoners to punish them for having "disrespected" staff, or because they believe they were "disrespected" by the prisoner.

---

[1] *See, e.g. Fisher v. Koehler*, 692 F. Supp. 1519 (S.D.N.Y. 1988), *injunction entered*, 718 F.Supp. 1111 (1989), *aff'd*, 902 F.2d 2 (2d Cir. 1990) (Correction Institution for Men); *Jackson v. Montemagno*, 85 Civ. 2384 (AS) (E.D.N.Y.)(Brooklyn House of Detention); *Reynold v. Ward*, 81 Civ. 101 (PNL) (S.D.N.Y.)(Bellevue Prison Psychiatric Ward); *Sheppard v. Phoenix*, 91 Civ. 4148 (RPP)(S.D.N.Y.)(Central Punitive Segregation Unit).

11. In *Sheppard v. Phoenix*, 210 F.Supp.2d 250(S.D.N.Y. 1998) (terminating injunction), was a class action that concerned the City's Central Punitive Segregation Unit (CPSU). That litigation unearthed abuse of prisoners and its cover-up sufficiently serious to merit criminal prosecutions of defendant **DOC** staff members.

12. In *Ingles v. Toro*, 428 F.Supp.2d 203 (S.D.N.Y. 2006) (approving stipulation of settlement), was a system-wide class action challenging the widespread practice of using excessive force against inmates incarcerated in New York City's jails. This litigation revealed significant numbers of credible excessive force complaints from prisoners who had been seriously injured by correction officers in the City jails. The settlement of this class action was intended to provide meaningful improvements in the training, practice and supervision of correction officers and investigators, and changes in the defendant **DOC's** use of force policy.

13. Through defendant **DOC's** elaborate reporting system, the Wardens, Deputy Wardens and their staff were aware of a pattern of a large number of incidents involving the use of unnecessary and/or excessive force resulting in serious injuries to inmates and failed to take sufficient steps to curb these abuses.

14. The defendant **DOC** and the Wardens, Deputy Wardens and their staff have also been made aware of the failure of the defendant **DOC** to bring disciplinary charges against its correction officers to promote institutional reform, punish staff who misuse force, and discourage others from doing so.

15. Through all these cases and defendant **DOC** reports, the Wardens, Deputy Wardens and their staff have been made aware of the widespread practice by correction officers of using excessive and/or unnecessary force to injure inmates. They have also been made aware of the failures of the defendant **DOC** Investigation Division to adequately investigate allegations

of misconduct, a practice that causes further abuse. These Wardens, Deputy Wardens and their staff cannot credibly contend that they are unaware of abuse that occurs with regularity in the New York City correctional system and the failure of the defendant **DOC** to take sufficient measures to investigate and discipline this abuse.

## FACTS

16. On September 18, 2012, the plaintiff **WARREN** was incarcerated at the correctional facility known as the Manhattan Detention Center (MDC), located at 125 White Street, City and State of New York.

17. On September 18, 2012, at or about 10:00 A.M., in front of the Bing Hearing Office near the gymnasium of the MDC, a search was being conducted.

18. Defendant **DOC's** Captain WEBB (CAPT. WEBB) asked the plaintiff for his shoes.

19. While plaintiff was handing CAPT. WEBB his shoes, defendant **C.O. VANTERPOOL** grabbed plaintiff and repeatedly slammed his head against the wall.

20. CAPT WEBB screamed at defendant **C.O. VANTERPOOL**, "What are you doing? Stop!"

21. Defendant **C.O. VANTERPOOL** picked the plaintiff up and slammed his body onto the floor.

22. While the plaintiff was on the floor, defendant **C.O. VANTERPOOL** repeatedly punched the plaintiff in his sides and slammed his head against the floor.

23. During the assault, plaintiff was in and out of consciousness.

24. CAPT WEBB and Correction Officer FNU Pringle (C.O. PRINGLE) ran over to defendant **C.O. VANTERPOOL** and tried to pull him off of plaintiff.

25. CAPT WEBB screamed at defendant **C.O. VANTERPOOL**, "Stop!"

26. Defendant **C.O. VANTERPOOL** stopped his assault on plaintiff.

27. Defendant **C.O. VANTERPOOL** said to CAPT. WEBB, "I thought he was going to hit you."

28. CAPT WEBB replied to defendant **C.O. VANTERPOOL**, "No, he wasn't."

29. The defendants, **CITY, DOC** and **C.O. VANTERPOOL,** jointly and severally, committed the following acts:

  a) Refused to aid and safeguard plaintiff from assault.

  b) Created and maintained a unsafe and dangerous environment for the plaintiff.

  c) Covered-up his actions of each other.

  d) Knowingly, intentionally and maliciously assaulted plaintiff without cause.

  e) Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

  f) The actions of the defendant **C.O. VANTERPOOL** constituted Cruel and Unusual Punishment in violation of plaintiff's Eighth (8th) Amendment Rights when the sole purpose of the defendant's actions was to harass, injure, humiliate and intimidate plaintiff.

  g) The actions of the defendant was malicious and sadistic.

  h) The actions of the defendant, specifically the assault on the plaintiff, was of the nature of a hate crime against the plaintiff.

## *FIRST CAUSE OF ACTION*

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "29" of the complaint, as if the same were set forth more fully and at length herein.

31. That as a direct and proximate result of the knowing, intentional and malicious acts of defendants, their captains, correction officers, agents, servants and employees, specifically, defendant **C.O. VANTERPOOL,** jointly and severally, as described aforesaid, all committed under color of state law and under their authority as law enforcement officers employed by the defendants, **CITY** and **DOC**, and while acting in the scope of their employment, and pursuant to authority vested in each of them by defendants, **CITY** and **DOC** (Badge of Authority), the defendant **C.O. VANTERPOOL** caused the plaintiff to be assaulted, harassed, intimidated, degraded and humiliated without cause.

32. That by engaging in the foregoing acts, practices and courses of conduct, the defendant **C.O. VANTERPOOL** used his position in law enforcement for improper purposes, subjecting plaintiff to deprivation of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and in that plaintiff was denied his protected rights to be free from assault, harassment, degradation, intimidation and humiliation without cause when imprisoned.

33. The assault on plaintiff was done to humiliate, degrade, intimidate and harass plaintiff when plaintiff had not committed any improper acts or disobeyed any lawful directive, causing plaintiff to suffer physical and psychological injuries.

## *SECOND CAUSE OF ACTION*

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "29" inclusive, as if the same were set forth herein more fully and at length.

35. The defendant **C.O. VANTERPOOL**, acting under color of state law with knowledge of the systematic violation of plaintiff's Constitutional and Civil Rights, did conspire to prevent plaintiff from obtaining redress from such violations and did further agree to undertake any actions necessary to hide, cover up, and falsely justify his actions, and in furtherance of, he did commit the following acts:

   a) Without a legal or just reason assaulted the plaintiff.

   b) Refused to aid and safeguard plaintiff from assault.

   c) Covered-up his actions.

   d) Knowingly, intentionally and maliciously harassed, taunted, assaulted and intimidated the plaintiff without cause.

   e) Knowingly and intentionally violated the plaintiff's rights as guaranteed to him by the constitutions of the United States and New York, as well as, Federal and State case law.

   f) The actions of the defendant **C.O. VANTERPOOL** constituted Cruel and Unusual Punishment in violation of plaintiff's Eighth (8th) Amendment Rights when the sole purpose of the defendant's actions was to harass, injure, humiliate and intimidate plaintiff.

   g) The actions of the defendants were malicious and sadistic.

36. That by engaging in the foregoing acts, all committed under color of state law and under his authority as a correction officer for the defendants, **CITY** and **DOC**, and while acting in the scope of his employment and pursuant to authority vested in him by the defendants, **CITY** and **DOC**, jointly and severally, entered into and carried out a plan and scheme designed and intended to deny and deprive plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and in fact did so deny and deprive plaintiff of his rights, privileges and immunities.

### *THIRD CAUSE OF ACTION*

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "29" inclusive, as if the same were set forth herein more fully and at length.

38. That defendants, **CITY** and **DOC**, by their deliberate acts, gross negligence and reckless conduct in failing to adequately train, discipline and supervise their correction officers, agents, servants and employees, specifically defendant **C.O. VANTERPOOL,** and in their failure to promulgate and put into effect appropriate rules and regulations applicable to the duties, conduct, activities and behavior of their correction officers, agents, servants, and employees, directly caused the harm suffered by plaintiff.

39. That the acts of the defendants, their correction officers, agents, servants, employees, committed under color of state law, deprived plaintiff of his rights, privileges and immunities as guaranteed to him by the First, Fourth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution the New York State constitution, federal law and state law.

## *FOURTH CAUSE OF ACTION*

40.     Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "29" inclusive, as if the same were set forth herein more fully and at length.

41.     In assaulting, battering, and threatening plaintiff, or standing by and failing to intervene when plaintiff was assaulted, the Defendant **C.O. VANTERPOOL,** acting in his capacity as a correction officer, and within the scope of his employment, committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

42.     The assault on the plaintiff by the defendant **C.O. VANTERPOOL** was unnecessary and unwarranted in the performance of his duties as a correction officer constituted an unreasonable and excessive use of force.

43.     The named defendants, **CITY, DOC** and **C.O. VANTERPOOL**, their correction officers, agents, servants, and employees were responsible for the excessive use of force against plaintiff.

44.     Defendant **CITY,** as employer of the correction officer, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

45.     Defendant **DOC**, as employer of the correction officer, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

54.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff suffered extreme physical and psychological trauma.

## *FIFTH CAUSE OF ACTION*

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "29" inclusive, as if the same were set forth herein more fully and at length.

47. Defendant **CITY**, through the defendant **DOC**, and their defendant correction officers, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

48. Defendant **C.O. VANTERPOOL** was unfit and incompetent for his position.

49. Defendants **CITY** and **DOC** knew or should have known through the exercise of reasonable diligence that the defendant correction officer, named above, was potentially dangerous.

50. Defendants **CITY** and **DOC's** negligence in screening, hiring, training, disciplining, and retaining these correction officer, named above, proximately caused plaintiff's injuries.

51. As a direct and proximate result of this unlawful conduct, plaintiff suffered physical and psychological trauma.

*WHEREFORE*, plaintiff, *CHARLES WARREN*, demands judgment as follows:

A. As to the first cause of action: In favor of plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

B. As to the second cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

C. As to the third cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

D. As to the fourth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

E. As to the fifth cause of action: In favor of the plaintiff and against defendants, jointly and severally, compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) Dollars, and punitive damages against the defendants in the sum of Twenty-Five Million ($25,000,000.00) Dollars.

F. And for such other and further relief as just and proper.

Dated:   New York, New York
         February _11_, 2016

Yours, etc.,

**Devon M. Wilt (DW2120)**
Attorney for Plaintiff
CHARLES WARREN
7 Dey Street, Suite 1401
New York, New York 10007
(212)406-920

| Index No.: | Year 2015 | RJI No.: | Hon: |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES WARREN,

                    Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION and CORRECTION
OFFICER WALTER VANDERPOOL, SHIELD #18118

                    Defendants.

FIRST AMENDED COMPLAINT

**DEVON M. WILT**
Attorney for Plaintiff
Office & Post Office Address, Telephone
**7 DEY STREET
NEW YORK, N.Y. 10007
(212) 406-9200**

To:                                                   Signature (Rule 130-1.1-a)

Print name beneath                      Attorney(s) for

Service of a copy of the within          is hereby admitted.
Dated,

                                                   Attorney(s) for

Please take notice
¡ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within names court on
¡ NOTICE OF SETLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within names court, at                   on
                                                   Yours, etc.

To:                                                  DEVON M. WILT
                                                  Attorney for Plaintiff
Attorney(s) for:                                **7 DEY STREET, SUITE 1401
                                                  NEW YORK, NY 10007**